# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 CR 50031 - 1 | **DATE** | 10/22/2003 |
| **CASE TITLE** | United States vs. Green | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons stated on the reverse memorandum opinion and order, the court denies defendant's request for an evidentiary hearing. The court will issue its ruling on the merits of the motion to suppress in open court on November 14, 2003, at 3:00 p.m..

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | |
|---|---|
| | No notices required, advised in open court. |
| | No notices required. |
| ✓ | Notices mailed by judge's staff. |
| | Notified counsel by telephone. |
| | Docketing to mail notices. |
| | Mail AO 450 form. |
| | Copy to judge/magistrate judge. |

courtroom deputy's initials: LC

number of notices
date docketed: OCT 2 3 2003
docketing deputy initials
date mailed notice: 10-23-03
mailing deputy initials

Document Number: 49

Date/time received in central Clerk's Office: 03 OCT 23 PM 2:16

# MEMORANDUM OPINION AND ORDER

Defendant, Anthony Green, filed a motion to suppress identification testimony of two witnesses based on the use of photo array identification procedures. In conjunction with his motion to suppress, defendant requests an evidentiary hearing, contending that there is a question of fact as to the nature and quality of the photos used in the arrays and whether the two witnesses were affected by any intervening events between being shown the first photo array and being shown the second photo array. The government objects to the need for an evidentiary hearing on either ground.

Whether to conduct a pre-trail evidentiary hearing to assess the admissibility of an identification is within the judgment of the district court. United States v. Torres, 191 F. 3d 799, 811 (7th Cir. 1999). The Constitution does not contemplate a per se rule mandating a judicial determination as to the admissibility of identification evidence outside the presence of the jury in every case. Torres, 191 F. 3d at 811. In fact, it is often properly left to the jury to determine the reliability of identification evidence. Torres, 191 F. 3d at 811. To warrant an evidentiary hearing, a defendant must demonstrate a disputed material issue of fact by showing definite, specific, detailed, and nonconjectural factual issues. Torres, 191 F. 3d at 811.

Here, the first asserted issue of fact related to the nature and quality of the photos used has been resolved by the replacement of photocopies with the actual photos. There is no longer any need to determine the nature and quality of the photos.

As for the question of any intervening circumstances which may have arose between the first and second photo line-up that may have affected the witnesses, that is a matter that goes to reliability and can be addressed at trial if necessary.

In the exercise of its judgment, the court finds there are no material issues of fact that need be resolved as to this motion and, therefore, denies defendant's request for an evidentiary hearing. The court will issue its ruling as to the merits of the motion to suppress on November 14, 2003, at 3:00 p.m..